[Civ. No. 19786. Second Dist., Div. One. Aug. 11, 1953.]

CATHERINE A. McKENNA, Appellant, v. EDITH M. FINE et al., Respondents.

Catherine A. McKenna, in pro. per., for Appellant.

Lawrence L. Otis, Gilbert E. Harris, James F. Healey, Jr., Harold Arman and Walter Home for Respondents.

THE COURT.—Defendant, cross-complainant and respondent, Katharine Lennert Lehman, moves to dismiss the appeal of plaintiff, cross-defendant and appellant.

The complaint was filed December 28, 1950, seeking a decree quieting title to real property and for ejectment. Cross-complaint for slander of title was filed August 23, 1951. Judgment was entered September 18, 1952, in favor of named defendant on the complaint and also in her favor on her cross-complaint in the sum of $10,340.44 plus interest at 7 per cent from August 17, 1951, to date of entry of judgment. Notice of entry of judgment was filed September 22, 1952, and served on plaintiff in propria persona and on her associate attorney. Notice of appeal was filed November 20, 1952, from judgment and from order denying motion for new trial and to vacate and set aside judgment and enter different judgment.

Notice and request to clerk to prepare clerk's and reporter's transcript on appeal was filed December 1, 1952, and a copy was mailed by the clerk December 15, 1952, to court reporter. Clerk's transcript was filed April 1, 1953. No reporter's transcript has been filed.

On July 28, 1953, respondent moved to dismiss appeal upon the ground that appellant had failed to perform the acts necessary to procure the filing of the record within the time allowed therefor (rules 4a, c, d, Rules on Appeal).

Appellant asked to be excused for delay in the filing of reporter's transcript because of illness of the court reporter. The latter filed an affidavit purporting to set out facts sufficient to excuse the delay. His plea of ill health for a year is qualified by his statement "That during that period I have worked in court intermittently for short periods but I felt I could not do my work properly." The other matters set out in the affidavit are so indefinite and incomplete that

it does not constitute adequate support for his concluding sentence, "I feel that if anyone is to blame in this matter it is not Mrs. McKenna."

The education and experience which are a prerequisite to appointment as an official court reporter of the superior court justify our inference that if facts were available which would furnish more adequate support to appellant, they would have been included in the affidavit. No physician's affidavit as to the reporter's condition has been filed nor has any certificate showing what days the reporter has worked during the period in question. Appellant has not made any showing by affidavit or otherwise as to when the deposit was made by her for the reporter's transcript or as to steps if any taken by her to accelerate the preparation of her record on appeal. It is especially significant that she did nothing in this regard until respondent moved to dismiss the appeal. Because of the lapse of time, in the absence of any sufficient showing that the delay was not the fault of appellant the motion to dismiss the appeal under rule 10a, Rules on Appeal, is granted.

The appeal is dismissed.